# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 2422 | **DATE** | 3/27/2000 |
| **CASE TITLE** | Valerie Bennett vs. Paul Smith, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Plaintiff's motion to reconsider the order to grant in part Defendants' 12(b)(6) dismissal [Doc. # 88-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing[held/continued to] [set for/re-set for] on _____ set for 4/18 at 9:30.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, [88-1] Plaintiff Bennett's motion to reconsider is GRANTED. Bennett may proceed with her §§ 1981, 1983, and state law claims against the defendants. Status Hearing set for April 18, 2000 at 9:30
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 2 8 2000 date docketed | |
| | Notified counsel by telephone. | | |
| X | Docketing to mail notices. | LS docketing deputy initials | 105 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| MCA (L) | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

VALERIE BENNETT, )
)
    Plaintiff, )
)
    v. ) No. 96 C 2422
)
) HONORABLE DAVID H. COAR
PAUL SMITH, et al., )
)
    Defendant. )

DOCKETED
MAR 28 2000

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiff Valerie Bennett's ("plaintiff" or "Bennett") motion to reconsider the order to grant in part defendants Board of Education of District 200's ("defendants")12(b)(6) dismissal. For the following reasons, plaintiff's motion is GRANTED. Bennett may proceed with her §§1981, 1983 and state law claims against the defendants.

### Background

This motion to reconsider stems from the activity of seven related discrimination cases filed by the same plaintiff. While the procedural history of the present case has been discussed in detail in previous opinions[1], time has passed and the case is now in front of a different judge. Therefore, a brief review is necessary.

In April of 1996, the plaintiff Valerie Bennett filed an employment discrimination action on behalf of herself and others similarly situated against eight school districts and their school directors in their official capacity. District Court Judge Ann Williams severed the various defendants and

---

[1] See Memorandum Opinion and Order, November 4, 1997, 96 C 2422 (J. Williams).

1

105

directed Bennett to file an amended complaint which identified one of the defendants to proceed against under case number 96 C 2422, and allowed Bennett to file separate suits against the other defendant school districts. Bennett chose to continue the present case against the School Directors of District 200, and filed separate suits against six other school districts: Districts 15, 68, 93, 203, 204, 205. By order of the Executive Committee, all seven of these cases remained with Judge Williams.

In the present case, Bennett amended her complaint several times and finally presented a fifth amended complaint that terminated the School Directors of District 200 as defendants, but added the individual members of the Board of Education of District 200 in their individual capacities. The fifth amended complaint alleged that the defendants engaged in intentional and unlawful practices in the hiring and promotion of African-Americans and other minorities as full time classroom teachers. Count I was a discrimination claim under Title VII of the Civil Rights Act of 1964, and Count II included discrimination claims under 42 U.S.C. §§ 1981 and 1983, as well as an assertion of state law claims. The defendants filed a motion to dismiss for failure to state a claim. On November 4, 1997, Judge Williams granted the defendants' motion as to Count II, dismissing Bennett's 1981 and 1983 claims for failure to allege intentional discrimination, and Bennett's state law claims for not clearly alleging the claims. Memorandum Opinion and Order, November 4, 1997, 96 C 2422 (J. Williams).

In the meantime, in another case, Bennett appealed Judge Williams' decision to dismiss Title VII claims and §§ 1981 and 1983 claims against Board of Directors of School District 15.[2] On

---

[2] Bennett v. Schmidt, No. 96 C 6914.

August 31, 1998, the Seventh Circuit vacated and remanded Judge Williams' decision, holding that Bennett's general allegations of racial discrimination in employment were enough to allege intentional discrimination. The Seventh Circuit also held that Bennett's general reference to state law was enough to allege state law claims of discrimination. Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998).

In the present case, on April 19, 1999, Bennett filed a motion to reconsider the dismissal of plaintiff's §§ 1981 and 1983 claims as well as state law claims. Relying on the Seventh Circuit's holding in Bennett v. Schmidt, Bennett argues that for all seven of these discrimination cases to be adjudicated consistently, the Board of Education of District 200 should have to confront the allegations under §§1981, 1983 and state law as well as under Title VII.

On December 15, 1999, the present case was reassigned to this court. None of the other six cases are presently before the undersigned judge.

## Analysis

In the original opinion on the defendants' motion to dismiss, Judge Williams found that Bennett's §§1981 and 1983 claims should be dismissed because she did not demonstrate intentional discrimination, an essential element of a 1981 or a 1983 claim. Bennett v. Smith et al., 96 C 2422, November 4, 1997, p. 10. In particular, Judge Williams stated that a mere showing of disparate impact is not enough to prove intentional discrimination. Therefore, Bennett did not sufficiently plead intentional discrimination and her §§1981 and 1983 claims were dismissed. Id., at pp. 11-13. Judge Williams also found that the court could not exercise supplemental jurisdiction over Bennett's state law claims, for Bennett did not clearly allege her state law claims. Id., at p. 14. Bennett's state law allegation stated, "[t]he court has pendent jurisdiction for the state causes of action which mirror

3

the federal causes of action applicable under state law, namely, claims under the Fourteenth Amendment to the United States Constitution made applicable to the states, and statutes prohibiting unfair employment practices, including discrimination based on race." Id. at p. 15, quoting Plaintiff's Response, p. 9.

Judge Williams' rationale in granting defendants' motion to dismiss in the case Bennett v. Schmidt was extremely similar to her opinion in the present case. In Bennett v. Schmidt, Judge Williams dismissed Bennett's §§1981 and 1983 claims because Bennett's allegations of disparate impact did not raise a presumption of a discriminatory purpose. Therefore, Bennett's allegations were insufficient to support a cause of action under §§1981 and 1983. Bennett v. Schmidt, 1997 WL 760495, * 5 (N.D.Ill., November 24, 1997). Judge Williams also found that the court did not have supplemental jurisdiction over Bennett's state law claims, for Bennett's allegation, which simply stated, "[t]he pendent jurisdiction of the [c]ourt is also invoked for the state causes of action," was not enough to specifically or generally allege state causes of action. Id., *2 n. 8, *5. Therefore, Bennett's state law claims were dismissed. Id., *5.

The Seventh Circuit vacated and remanded Judge Williams's decision to dismiss Bennett's claims in Bennett v. Schmidt. 153 F.3d 516 (7th Cir. 1998). The Seventh Circuit held that Bennett's §§1981 and 1983 claims should not have been dismissed, for Bennett alleged racial discrimination. In its discussion, the court stated:

> "I was turned down for a job because of my race" is all a complaint has to say. Because success on a disparate-treatment approach under Title VII . . .or under . . . 1983 requires proof of intentional discrimination, a plaintiff might want to allege intent–although this is implied by a claim of racial "discrimination." Rule 9(b) provides: "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Bennett's complaint contains a general allegation of intent, which need not be elaborated. . . To the extent the district court required plaintiff to include in the complaint allegations

4

sufficient (if proved) to prevail at trial, the court imposed a requirement of fact-pleading. But as we said of another claim of employment discrimination: "a complaint is not required to allege all, or any, of the facts logically entailed by the claim . . ." Bennett v. Schmidt, 153 F.3d at 518 (citations omitted).

The Seventh Circuit also found that Bennett had adequately alleged her state causes of action and thus these claims should not have been dismissed. Id., at 518-19. In particular, the Seventh Circuit stated, "Defendants received notice that Bennett believed that their refusal to hire her was racial discrimination; that is all the notice a complaint has to convey. . . [H]aving stated a discrimination claim the complaint need not offer specifics about which rules of law, state or federal, racial discrimination offends." Id. Therefore, the state claims should not have been dismissed and the court should have exercised supplemental jurisdiction the claims.

The complaints and Judge Williams' opinions on the motions to dismiss mirror each other quite closely. Bennett puts forward the same disparate impact theory for her §§1981 and 1983 claims in her allegations of racial discrimination in both complaints. Bennett also makes the same bare bones state law allegation in her complaint in the present case as in the Schmidt case. Considering the Seventh Circuit's holding that allegations of racial discrimination are enough to imply the element of intent that is necessary for a §1981 or a §1983 claim to avoid dismissal, as well as their holding that Bennett adequately alleged state law claims, the court GRANTS Bennett's motion for reconsideration as to these claims in Count II of her complaint. Bennett may proceed with her §§1981, 1983 and state law claims against the defendants.

Enter:

David H. Coar
United States District Judge

Dated: March 27, 2000

5