# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 2422 | **DATE** | 1/29/2002 |
| **CASE TITLE** | Valerie Bennett vs. Paul Smith, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion For Attorneys' Fees and Expenses

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion and order, Plaintiff's Motion for Attorneys' Fess [215-1] and Expenses [215-2] is granted. Plaintiff is awarded $74,198.75 in fees for the services of Mr. Bennett and $76,781.25 in fees for the services of Mr. Grimes. Costs are awarded in the amount of $6,389.44.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB - 1 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | 15 | 223 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| klb (lc) | courtroom deputy's initials | 02 JAN 31 PM 3:56 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB - 1 2002

| | | |
|---|---|---|
| Valerie Bennett, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 96 C 2422 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| Paul Smith, et. al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this court is the plaintiff Valerie Bennet's ("plaintiff") motion for attorney's fees

and costs for the services of her attorneys Douglas Grimes and Phillip Bennett.  For the following

reasons, the plaintiff's motion is granted and the plaintiff is awarded $74,198.75 in attorney's

fees for Mr. Bennett, $76,781.25 in attorney's fees for Mr. Grimes, and $6,389.44 in costs.

### Factual Background

Valerie Bennett, an African American woman, brought a racial discrimination claim

against the Board of Education Community Unit School District No. 200 and its individual board

members (collectively, "District") pursuant to Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e et seq., and 42 U.S.C. § 1983.  Plaintiff was a former Wheaton substitute teacher

who was rejected in 1994 and 1995 for five full-time teaching positions at four Wheaton schools.

After a jury trial, this court entered a verdict for Bennett and against the District on Bennett's

disparate treatment claim. The jury found that the District did not hire the plaintiff for a full time

teaching position because of her race and awarded $60,273.00 for lost wages and benefits and

-1-



$240,000 for emotional pain, mental anguish, suffering, inconvenience, and loss of enjoyment of life or other non monetary losses. On December 15, 2000, this court granted defendant's request for a remitittur and reduced the jury award to $29,371.00 in back pay and $45,000.00 in compensatory damages.

The plaintiff's attorneys, Phillip Bennett (plaintiff's husband) and Douglas Grimes, filed this motion for attorney's fees and costs on September 20, 2001. In this motion plaintiff's attorneys give hourly rates of $125 per hour normally and $250 per hour for in court time during trial. Plaintiff submits time and work records for 772.3 hours of work by Phillip Bennet for $88,531.25 of fees and 586.75 hours of work by Grimes for $98,943.75 of fees, for a grand total of $187,475.00. Plaintiff's attorneys also submit records for $10,269.55 in total costs. The District objects to plaintiff's motion for fees and claims that plaintiff is not entitled to recover fees and expenses for work performed by her husband, Phillip Bennett. In the alternative, defendant argues the fees should be substantially reduced because, inter alia, the fees are unreasonable or otherwise excessive given the nature of the work performed.

## Standard

Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. 2000e et seq., awards fees to prevailing civil rights plaintiffs. 42 U.S.C. § 2000e-5(k). In determining the amount of attorney's fees and costs to award to the counsel for the prevailing party, the burden is on the party seeking the award to substantiate the hours worked and the rate claimed. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). The district court must review the fee request and has the discretion to increase or decrease the amount in light of

-2-

twelve factors.[1] Id. at 429-30 n.3, 103 S. Ct. at 1937-38 n.3. The court must give a "concise, but

clear explanation" for each modification to the proposed amount. Smith v. Great American

Restaurants, Inc., 969 F.2d 430, 439 (7th Cir. 1992). In analyzing the fee request, "the most

critical factor is the degree of success obtained." Estate of Borst v. O'Brien, 979 F.2d 511, 515

(7th Cir. 1992) (quoting Hensley, 461 U.S. at 436, 103 S. Ct. at 1941).

To determine a reasonable fee award, the court must calculate a "lodestar figure," which

is the hours reasonably spent on the case multiplied by each attorney's reasonable hourly rate.

Hensley, 461 U.S. at 433. Therefore, the court must first determine the attorney's hourly rate and

then the number of hours spent by each attorney. The prevailing party, in this case the plaintiff,

has the burden of proving that the request for fees is reasonable. Spegon v. Catholic Bishop of

Chicago, 175 F.3d 544, 556 (7th Cir. 1999). However, the district court has significant discretion

to adjust the fee award as necessary. Spellan v. Board of Education, 59 F.3d 642, 646 (7th Cir.

1995).

## Discussion

A.     Compensation for Attorney-Spouse

The District first argues that plaintiff is not entitled to recover fees and expenses for work

performed by her attorney-husband Phillip Bennett.   The Supreme Court has recognized that

---

[1]These factors include: (1) the time and labor required; (2) the novelty and difficulty of
the questions; (3) the skill requisite to perform the legal service properly; 4) the preclusion of
employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the
fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the
amount involved and the results obtained; (9) the experience, reputation, and ability of the
attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional
relationship with the client; and (12) awards in similar cases. Johnson v. Georgia Highway
Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

although a prevailing party "should ordinarily recover an attorney's fee," "special circumstances" can render "such an award unjust." See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 429, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983) (quoting Newman v. Piggie Park Enters. Inc., 390 U.S. 400, 402, 19 L. Ed. 2d 1263, 88 S. Ct. 964 (1968)) ( § 1988); Albemarle Paper Co. v. Moody, 422 U.S. 405, 415, 45 L. Ed. 2d 280, 95 S. Ct. 2362 (1975) (Title VII) (dicta). In Kay v. Ehrler, the Supreme Court found that a *pro se* plaintiff-attorney is not entitled to attorney's fees under the fee-shifting statutes applicable to discrimination claims. 499 U.S. 432, 435 (1991). The Court reasoned that the statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel rather than one that encourages a plaintiff to litigate on his own behalf whenever he considers himself competent to do so. Id. at 438.

The District would like to stretch Kay to preclude an attorney-spouse from recovering fees. However, the District cites no precedent for that proposition. Instead, the District cites two cases from the Third and Fourth Circuits addressing whether an attorney- parent could be awarded attorney's fees under the Individual with Disabilities Education Act (the "IDEA"). In those cases, attorney-parents were analogized to attorneys who appear *pro se* because they held the dual role of suing on behalf of their child and representing the child for attorney's fees. The courts found that parents were "generally incapable of exercising sufficient independent judgment on behalf of their children to ensure that 'reason, rather than emotion' will dictate the conduct of the litigation." Doe v. Board of Educ. of Baltimore Co., 165 F.3d 260, 263 (4th Cir. 1998); see also Woodside v. Board of Educ., 248 F.3d 129 (3rd Cir. 2001). These cases have no bearing on the case at bar. There is not a parent-child relationship in Ms. Bennett's case or any

-4-

other facts that could raise a conflict in the attorney-client relationship. To the contrary, Valerie Bennett signed a retainer agreement just as any other client of Phillip Bennett's would do. In addition, Mr. Bennett had co-counsel to ensure that he exercised "independent judgment" on behalf of Valerie Bennett. Mr. Grimes (who was located out of state) was the lead counsel and Mr. Bennett was local counsel. Thus, Mr. Bennett is entitled to receive attorney's fees in this matter.

B.    Reduction for not being a prevailing party

The District argues in the alternative that the fee requests should be reduced. Defendant claims that plaintiff is not entitled to recover fees for matters on which she was not a prevailing party. These matters include (1) defendant's partial summary judgment motion; (2) plaintiff's motion for front pay; (3) plaintiff's unsuccessful disparate impact claims and related expert witness motions in limine; and (4) defendant's motion to stay judgment. The Seventh Circuit has made clear that an unsuccessful but reasonable argument in support of a successful claim is compensable. Jaffee v. Redmond, 142 F.3d 409, 414 (7th Cir. 1998); People Who Care v. Rockford Board of Education, 90 F.3d 1307, 1314 (7th Cir. 1996) (the touchstone in such a case is not whether a particular argument was successful, but rather whether it was reasonable); Pressley v. Haeger, 977 F.2d 295, 298 (7th Cir. 1992) ("Hensley permits the court to award fees for losing arguments in support of prevailing claims, but not for losing claims."). A prevailing plaintiff, however, is not entitled to fees for time expended pursuing unsuccessful claims that were unrelated to those claims on which the plaintiff ultimately prevailed. Jafee, 142 F.3d at 413 (citing Hensley v. Eckerhart, 461 U.S. 424, 434-35). If the claims involved a common core of

facts or related legal theories then recovery of attorney's fees is permitted. Jaffee, 142 F.3d at 413.[2]

Defendant's partial summary judgment motion is properly treated as an unsuccessful argument for which plaintiff's attorneys are entitled to fees. The partial summary judgment motion involved official immunity of the board members. The ultimate questions in the litigation was whether Ms. Bennett was discriminated against because of her race. Once that legal determination was made the jury would have to fix damages to compensate Ms. Bennett for the civil rights violation. Surely, the question of whether the defendants were subject to liability in their official or personal capacity was related to the question of liability. Thus, plaintiff's fees will not be reduced.

The plaintiff's motion for front pay is an unrelated unsuccessful claim and thus attorney's fees are denied. After securing a judgment in her favor and being awarded compensatory damages in the form of back pay, plaintiff then brought a motion for front pay. As this court previously explained, frontpay is an equitable remedy awarded by the court whereas compensatory damages are to be decided by the finder of fact. Bennett v. Smith, No. 96 C 2422, 2001 U.S. Dist LEXIS 8714, *6 - 7 (N.D. Ill. June 25, 2001). Plaintiff's award of back pay, however, fully compensated her for lost future earnings which is what plaintiff was actually trying to obtain. Id. at *7. Since plaintiff had been awarded back pay by the jury, her motion for

---

[2]The court in Jaffee explained that they affirmed a district court's award of fees for time spent pursuing an unsuccessful employment discrimination claim brought with a successful retaliation claim because without reviewing and analyzing the facts underlying the discrimination charge the successful retaliatory discharge claim could not have been tried effectively. Jaffee, 142 F.3d at 414 (citing Merriweather v. Family Dollar Stores, 103 F.3d 576, 584 (7th Cir. 1996)).

front pay was unrelated. Her attorneys are not entitled to fees for the front pay motion. This amounts to a $375.00 reduction in fees for Mr. Bennett (3.0 hrs) and $500.00 reduction in fees for Mr. Grimes (4.0 hours).

Plaintiff's disparate impact claims are properly categorized as related unsuccessful claims. Thus, plaintiff's attorneys are entitled to fees for their work on the disparate impact claims. As stated in Jaffee,

> [f]or tactical reasons and out of caution lawyers often try to state their client's claim in a number of different ways, some of which may fall by the wayside as the litigation proceeds. The lawyer has no right to advance a theory that is completely groundless or has no factual basis, but if he presents a congeries of theories each legally and factually plausible, he is not to be penalized just because some, or even all but one, are rejected, provided that the one or ones that succeed give him all that he reasonably could have asked for.

142 F.3d at 414. It is clear that in this case that disparate impact was one of plaintiff's theories of recovery. It is equally clear that plaintiff received all that she could have reasonably asked for, i.e. back pay and compensatory damages. The ultimate aim of the litigation was to prove that plaintiff had been discriminated against on the basis of race and to receive compensation for said discrimination. Thus, there is no basis for denying fees to plaintiff's counsel for the unsuccesful disparate impact claim because it was a reasonable argument.

The District also maintains that plaintiff's attorneys are not entitled to compensation for their work in opposing its motion to stay the judgment. The District sought to stay enforcement of the judgment without posting a bond. That motion was initially denied without prejudice on June 26, 2001 because no appeal was pending. Bennett v. Smith, No. 96 C 2422, 2001 U.S. Dist. LEXIS 8714, at *13 (N.D. Ill. June 25, 2001). After an appeal was filed, however, this court issued a minute order dated July 11, 2001 and granted the District's amended motion to stay

enforcement of the judgment without posting a bond. On July 18, 2001, Bennett filed a motion asking this Court to reconsider its ruling. On September 6, 2001, this Court denied Bennet's motion. Since the initial opposition to the stay was successful, this Court will grant fees for the work of Grimes and Bennett prior to June 26, 2001. All fees for work after June 26, 2001 will be denied because it was unsuccesful. Thus, Bennett's fees will be reduced by $1250 (10 hours) for research, response, and reply to the stay billed on July 11, 2001, July 13, 2001, and August 3, 2001. Grimes' fees will similarly be reduced by $1375 (11 hours) for the motion and hearings on the motion to stay billed on July 18, 2001, July 23, 2001, and August 15, 2001.

C.      Reduction for time spent on non-existent status conferences

Defendant objects to fees for time Mr. Bennett allegedly spent at status conferences on 5/30/97; 1/13/98; 2/12/98; 3/19/98; 5/5/98; 5/13/98; 7/30/98; 8/12/98; 9/30/98; 2/24/99; 3/12/99; 5/25/99 and for time Mr. Grimes alleged spent at status conferences on 10/26/96; 11/5/96; 2/26/97; 4/10/97; 5/26/97; 7/17/98; 9/26/98; 3/12/99 and 8/28/01. The District maintains that fees should be denied because no status hearings occurred on those dates according to the Court's docket. Plaintiff asserts, however, that the charges were for preparation time for status conferences. Assuming that plaintiff's claim is true, this court must still deny fees billed by Mr. Bennett on 5/30/97; 1/13/98; 2/12/98; 3/19/98; 5/13/98; 8/12/98; and 9/30/98. There were no status conferences on the Court's docket within a week after any of those dates. This Court will grant Mr. Bennett fees for 5/5/98; 7/30/98; 2/24/99 and 5/25/99 because in each of those cases a status conference occurred the next day. The Court will also grant Mr. Bennett fees for 3/12/99 as it appears to be a typographical error because a status conference occurred on 3/11/99 and is not billed by Mr. Bennett. Thus, Mr. Bennett's fees are reduced by $1062.50 (8.5 hours). Mr.

Grimes will be denied fees for status on 10/26/96; 5/26/97; 5/14/98; 7/17/98; 9/26/98 and

8/28/01. There were no status conferences, motions, or hearings on the Court's docket within a

week after any of those dates. There was a hearing set for 8/28/01 but that date was stricken and

the hearing was held on 9/4/01. Mr. Grimes will receive fees for status on 11/5/96; 2/26/97 and

4/10/97. He will also receive fees for the status on 3/12/99 for the same reason that Mr. Bennett

will receive fees. Thus, Mr. Grimes fees are reduced by $2250 (18 hours).

D.    Reduction for Block-Billed Time

Defendants object to fees for tasks that have been block billed. Plaintiff contends that it

grouped hours for larger tasks into one date rather than typing each entry into the spreadsheet.

"The party seeking an award of fees should submit evidence supporting the hours worked and

rates claimed. Where the documentation of hours is inadequate, the district court may reduce the

award accordingly." Hensley, 461 U.S. at 433, 103 S.Ct. at 1939. Courts require a certain amount

of specificity to the description of the hours billed in order to avoid over billing and

compensation for uncompensable tasks. See Abbott v. The Village of Winthrop Harbor, et al.,

1999 U.S. Dist. LEXIS 13346, 1999 WL 675292, *4 (N.D. Ill. Aug. 24, 1999); Lawyer v. 84

Lumber Company, 1998 WL 111703, * 3 (N.D.Ill.) (reducing fees awarded because of lack of

specificity in work descriptions); Cristancho v. National Broadcasting Co., Inc., 117 F.R.D. 609

(N.D.Ill.1987) (denying fees because of substantial block billing); In re Chicago Lutheran

Hospital Association, 89 B.R. 719, 735 (Bankr.N.D.Ill.1988) (denying payment for all

block-billed entries).

Defendant gives stark examples of block billing done by Mr. Bennett and Mr. Grimes. For

example:

| Date | Hours | Fee | Description |
| --- | --- | --- | --- |
| BENNETT | | | |
| 5/25/97 | 24.00 | 3,000.00 | Response to Dismiss |
| 7/10/98 | 10.00 | 1,250.00 | Admissions (Pf) |
| 3/17/99 | 24.00 | 3,000.00 | Deposition Preparation |
| 10/99 | 24.00 | 3,000.00 | Pretrial Order |
| 8/3/00 | 24.00 | 3,000.00 | Response to Partial Summary Judgment |
| 8/16/00 | 16.00 | 2,000.00 | Motion in Limine Def. Expert |
| 9/15-28/00 | 22.00 | 2,750.00 | Post Trial Brief |
| 10/11/00 | 10.00 | 1,250.00 | Post Trial Reply |
| 11/6/00 | 30.00 | 3,750.00 | Response Rule 50 |
| | | | |
| GRIMES | | | |
| 10/99 | 16.00 | 2,000.00 | Pretrial Order |
| 8/2/00 | 16.00 | 2,000.00 | Response to Partial Summary Judgment |
| 9/15-28/00 | 12.00 | 1,500.00 | Post Trial Brief |
| 11/6/00 | 10.00 | 1,250.00 | Response Rule 50 |

There were also several entries for four or more hours with no description but research, filing or other ambiguous explanation (Bennett 11/10/95, 3/30/96, 4/26/96, 5/24/96, 7/14/96, 7/29/96, 8/2/96, 7/9/98, 8/27/01 and Grimes 8/2/96 and 8/24/01). Without an identification of the subject matter, it is impossible for the Court to determine whether the work was necessary and the time spent was reasonable. Abbott v. The Village of Winthrop Harbor, et al., 1999 U.S. Dist. LEXIS 13346, 1999 WL 675292, *4 (N.D. Ill. Aug. 24, 1999). Plaintiff's reply, however, provides adequate explanation for those instances, but not for the instances in the chart above. Since the time entries were billed as block time, the Court cannot determine whether the time billed was reasonable. Accordingly, the entire time entries billed as block time will be subtracted from the fee award. Mr. Bennett's fee award is reduced by $21,870 (184 hours) and Mr. Grimes' fee award is reduced by $6,750 (54 hours).

E.    Reduction for excessive time

The District claims that Mr. Bennett's and Mr. Grimes' fee award should be further reduced because time spent on particular tasks was excessive. The District points to several status conferences and other conferences where the number of hours billed by Mr. Bennett exceeds Mr. Grimes or exceeds those billed by the District's attorney. Plaintiff maintains, however, that the discrepancy has to do with travel time. A reasonable attorney's fee includes reasonable travel time billed at the same hourly rate as the lawyer's normal working time. Henry v. Webermeier, 738 F.2d 188, 194 (7th Cir. 1984). Most of the instances of alleged excessive billing have a corresponding travel expense which lends some credulity to the Plaintiff's claim. The Court will reduce the time billed for telephone status conferences on 9/22/98 and 2/8/99 by $187.50 (1.5 hours) for Mr. Bennett because no travel was required.

F.    Expenses

Defendant maintains that plaintiff's expense requests must be reduced. Plaintiff has requested $10, 241.85 in litigation related expenses. The District maintains that $3,934.92 of Mr. Bennett's requested expenses should be denied and that $432.42 of Mr. Grimes' requested expenses should be denied for lack of adequate documentation. See Ingram ex rel Ingram v. Jones, 46 F. Supp.2d 795, 800 (N.D. Ill. 1999) (denying plaintiff's request for expenses based on her failure to provide supporting documentation or explanation for messenger services, faxes, parking or travel costs). This Court denies a total of $3,500.17 in expenses charged by Bennett for lack of supporting documentation: $2500 for 10/18/98 (fee Shapiro, fee expert - Hill); $473.17 for 1/27 and 1/29/99 (Travel TX to Il and Hotel); $484.00 for 5/11/99 (travel TX to Il); $15 for 1/21/00 (mail); $11.00 for 2/8/00 (fax); and $17.50 for 3/00 (mail). This Court similarly

denies Mr. Grimes' expenses in the amount of $352.24 for airfare, Best Western food, Harold's food, and Holihand.

G.    Prejudgment interest and Fee Enhancement

After all of the fee reductions, Mr. Bennett's fees are $74,198.75 and Mr. Grimes' fees are $76,781.25. Costs, after reductions, are $6,389.44. The plaintiff requests prejudgment interest and fee enhancement due to the defendant's alleged bad faith litigation tactics, the years expended in this case, and the excellent results achieved by the plaintiff. The Seventh Circuit has ruled that prejudgment interest is presumptively available to victims of a federal law violation. See Gorenstein Enterprises v. Quality Care-USA, 874 F.2d 431, 436 (7th Cir. 1989). This Court already awarded prejudgment interest for plaintiff's compensatory damages award. See Bennett v. Smith, No. 96 C 2422, 2001 U.S. Dist LEXIS 8714 at *9-10 (N.D. Ill. June 25, 2001). Plaintiff has cited no authority in support of its proposition that prejudgment interest should be awarded for attorney's fees. Thus, prejudgment interest is denied. Plaintiff argues that she is entitled to fee enhancement because this litigation made the school districts in DuPage County abandon their stated policy that there was no basis to have a recruitment plan for Blacks, Hispanics, Native Americans, or Asians and Pacific Islanders even though one was required by Illinois law. This Court will not exercise its discretion to enhance the award. There is little indication that the impact of this case will extend beyond the immediate parties. The fee award fully compensates plaintiff's attorneys for their work in this litigation.

## Conclusion

For the foregoing reasons, plaintiff's motion for attorney's fees and costs is granted. Plaintiff

is awarded $74,198.75 in fees for the services of Mr. Bennett and $76,781.25 in fees for the services

of Mr. Grimes. Costs are awarded in the amount of $6,389.44.

Enter:

David H. Coar
United States District Judge

Dated: